IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RICHARD HAROLD MCDOUGAL,
Individually and as a Special Administrator
of the Estate of Randall McDougal, deceased                                    PLAINTIFF

v.                                   Case No. 1:20-cv-1012

EL DORADO CHEMICAL COMPANY, et al.
JOHN DOES NOS. 1-5; and JOHN DOE
CORPORATIONS NOS. 1-5                                                          DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion to Remand. ECF No. 8. Defendant El Dorado Chemical Company has filed a response. ECF No. 14. The Court finds the matter ripe for consideration.

### I. BACKGROUND

This lawsuit stems from the death of Randall McDougal after the tractor-trailer he had been driving tragically exploded. At the time of the explosion, the tractor-trailer was hauling hazardous materials, including ammonium nitrate prill. Plaintiff alleges that Randall McDougal's death was caused by Defendant's negligence in packaging and loading the ammonium nitrate prill onto the trailer. Plaintiff asserts various state-law claims against Defendant on behalf of Randall McDougal's estate and wrongful death beneficiaries.

Plaintiff originally filed a complaint in state court on November 27, 2019, against Defendant and Blann Tractor Company, the company Plaintiff alleged was responsible for hauling the hazardous materials. On January 10, 2020, Defendant filed a motion to dismiss and answer, which included general cross-claims against all named defendants, which included Blann Tractor Company. On January 22, 2020, Plaintiff filed a motion requesting that the court dismiss its claims against Blann Tractor Company. Later that day, the court issued an order granting Plaintiff's

motion. On March 16, 2020, Plaintiff filed an amended complaint that did not include Blann Tractor Company as a defendant. On March 31, 2020, Defendant filed a motion to dismiss its cross-claims against Blann Tractor Company. The state court did not issue a ruling on this motion before Defendant removed the case to this Court on April 16, 2020. Blann Tractor Company is not a party to the action in this Court.

In its removal notice (ECF No. 2), Defendant asserts that the Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity between the parties, and the matter in controversy exceeds $75,000. Defendant does not state Plaintiff's citizenship in the notice of removal, but the amended complaint states that Randall McDougal "was a citizen of Union County, Arkansas at all relevant times herein through his death on March 2, 2019." ECF No. 3, ¶ 1. The parties appear to agree that Plaintiff is a citizen of Arkansas. Defendant, located in El Dorado, Arkansas, asserts that it is a subsidiary of LSB Industries, Inc., which is a Delaware corporation with its principal place of business in Oklahoma City, Oklahoma. ECF No. 2, ¶ 7; ECF No. 14, p. 7. Thus, Defendant considers itself to be a citizen of Oklahoma.[1] Accordingly, Defendant concludes that complete diversity exists.

In his motion to remand (ECF No. 8), Plaintiff argues that the Court does not have subject-matter jurisdiction under 28 U.S.C. § 1332(a) because there is not complete diversity between the parties. Plaintiff also argues that this case should be remanded because Defendant's notice of removal was untimely, as it was filed more than thirty days after the state court order dismissing Blann Tractor Company, an Arkansas corporation. Defendant opposes the motion.

## II. DISCUSSION

Plaintiff asks the Court to remand this action to the Circuit Court of Union County,

---

[1] Plaintiff argues that because LSB Industries, Inc., is not a party to this action, its citizenship does not matter. Plaintiff further argues that Defendant is actually a citizen of Arkansas.

Arkansas, because there is not complete diversity between parties and because the notice of removal was untimely. The Court will first determine whether the removal notice was timely filed, and if so, the Court will then determine whether complete diversity exists between the parties.

Federal courts are courts of limited jurisdiction, and only certain types of cases may proceed in federal court. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013). A defendant in state court may remove a case to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). This requirement can be met in one of two ways: (1) when the case in question involves a federal question, or (2) when diversity jurisdiction exists. Diversity jurisdiction exists in civil actions where the parties are citizens of different states and the amount in controversy exceeds $75,000.[2] 28 U.S.C. § 1332(a)(1). Diversity of citizenship under 18 U.S.C. § 1332 requires complete diversity. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Complete diversity "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The party seeking removal or opposing remand has the burden of establishing federal jurisdiction, and all doubts on that issue are to be resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). A case must be remanded to the state court from which it was removed whenever the federal court concludes that subject matter jurisdiction is nonexistent. 28 U.S.C. § 1447(c). Any doubts about the propriety of removal are resolved in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

As a general rule, a defendant must file a notice of removal within thirty days after receipt of the summons and complaint. 28 U.S.C. § 1446(b). Section 1446 also provides, however, that

---

[2] The parties do not dispute that the amount in controversy exceeds $75,000.

"if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

In the instant case, Plaintiff's initial pleading was not removable because complete diversity did not exist, given that Plaintiff and Blann Tractor Company are both citizens of Arkansas. As such, the Court must determine at what point Defendant could have ascertained that the action was removable.

Plaintiff argues that the state court order dismissing Blann Tractor Company, which was filed on January 22, 2020, triggered § 1446(b)'s thirty-day window of removal. Defendant argues that its March 31, 2020 motion for voluntary dismissal of its cross-claim against Blann Tractor Company triggered the thirty-day removal period. The Court agrees with Plaintiff that the state court's order dismissing Blann Tractor Company was the document that made removability first ascertainable. This order dismissed Plaintiff's claims against Blann Tractor Company. Defendant's claims against Blann Tractor Company were not dismissed and remained for further resolution. However, because Plaintiff's claims against Blann Tractor Company were dismissed, Defendant's claims against Blann Tractor Company were no longer cross-claims but transformed into third-party claims. Thus, Blann Tractor Company was no longer a defendant in the primary dispute between Plaintiff and Defendant. Instead, Blann Tractor Company became a third-party defendant. Because the citizenship of a third-party defendant is not considered in determining whether diversity of citizenship exists, the case was removeable once Plaintiff dismissed his claims against Blann Tractor Company on January 22, 2020.[3] *See Caterpillar Inc. v. Lewis*, 519 U.S. 61,

---

[3] Defendant asserts that it is a citizen of Oklahoma. Plaintiff argues that Defendant is a citizen of Arkansas. The Court accepts Defendant's assertion that it is a citizen of Oklahoma for the purpose of analyzing the timelines of


67 n.1 (1996) ("The fact that plaintiff and third-party defendant may be co-citizens is completely irrelevant . . . . [P]laintiff and third-party defendant are simply not adverse, and there need be no basis of jurisdiction between them."); *Parshall v. Menard, Inc.*, 4:16-cv-828, 2016 WL 3916394, at *3-4 (E.D. Mo. Jul. 20, 2016) ("The fact that [the third-party defendant] is not of diverse citizenship from plaintiff . . . does not deprive the court of diversity jurisdiction."); *Corlew v. Denny's Restaurant, Inc.*, 983 F. Supp. 878 (E.D. Mo. Nov. 18, 1997) ("[C]itizenship of the third-party defendant is not considered in determining whether diversity of citizenship exists."). In other words, on January 22, 2020, complete diversity existed among the relevant parties for purposes of a jurisdictional analysis under § 1332, and was when removability first became ascertainable. Defendant filed its notice of removal (ECF No. 2) on April 16, 2020, which was more than thirty days after its receipt of the court's order dismissing Plaintiff's claims against Blann Tractor Company. Thus, the notice of removal is untimely, and the case must be remanded.[4]

### III.  CONCLUSION

For the above-discussed reasons, the Court finds that Plaintiff's Motion to Remand (ECF No. 8) should be and hereby is **GRANTED**.  The Court hereby instructs the Clerk of Court to immediately **REMAND** the matter to the Circuit Court of Union County, Arkansas, for further disposition.

**IT IS SO ORDERED**, this 25th day of January, 2021.

      /s/ Susan O. Hickey
      Susan O. Hickey
      Chief United States District Judge

---

removal. However, the Court's acceptance of this assertion for a limited purpose should not be interpreted as the Court's ruling on the disputed issue of Defendant's citizenship.

[4] Because the Court finds that Defendant's notice of removal was untimely, it is not necessary for the Court to address Plaintiff's argument that complete diversity does not exist between the parties to this action.